IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K3 PROP, LLC,

                Plaintiff,

v.

GQ SAND, LLC,

                Defendant.

ORDER

16-cv-142-jdp

---

Plaintiff K3 Prop, LLC procures frac sand for its customers in the petroleum industry. K3 alleges that defendant GQ Sand, LLC agreed to fill two of K3's frac sand purchase orders, and so K3 transferred $930,000 to GQ, $250,000 of which was supposed to be held in escrow pending delivery of the sand. But GQ failed to place any of the money in escrow and failed to deliver the correct amount of sand. K3 brings a breach of contract claim and a conversion claim against GQ.

K3 invokes this court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 1, ¶ 3. But because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct K3 to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine

whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, K3 contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse. Dkt. 1, ¶ 3. For the latter to be true, however, K3 cannot be a citizen of the same state as GQ. *Smart*, 562 F.3d at 803. K3's allegations regarding the parties' citizenships are insufficient to allow the court to determine whether this is the case.

Both K3 and GQ are limited liability companies. "[T]he citizenship of an LLC is the citizenship of each of its members[.]" *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). But K3 does not allege the names or citizenships of any of its or GQ's members. Instead, K3 alleges that it is "a Texas based limited liability corporation" with its principal office in Fort Worth, Texas, Dkt. 1, ¶ 1, and that GQ is a "Wisconsin based limited liability corporation" with its principal office in Mazomanie, Wisconsin, *id.* ¶ 2. This information is not relevant to determining the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this case for lack of subject matter jurisdiction, the court will allow K3 to file an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenships of each of its and GQ's members. In alleging the LLCs' citizenships, K3 should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then it must allege the individual citizenships of each of those members as well: "the citizenship of unincorporated associations must be

traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1. Plaintiff K3 Prop, LLC will have until August 4, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered July 21, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3