IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K3 PROP, LLC,

                              Plaintiff,

    v.                                                                    ORDER

GQ SAND, LLC,                                                        16-cv-142-jdp

                              Defendant.

---

    Plaintiff K3 Prop, LLC procures frac sand for its customers in the petroleum industry. K3 alleges that defendant GQ Sand, LLC agreed to fill two of K3's frac sand purchase orders, and so K3 transferred $930,000 to GQ, $250,000 of which was supposed to be held in escrow pending delivery of the sand. But GQ failed to place any of the money in escrow and failed to deliver the correct amount of sand. K3 brings a breach of contract claim and a conversion claim against GQ. GQ counterclaimed, alleging a different version of events and bringing its own claims for breach of contract, intentional interference with contract, and equitable indemnification against K3. Dkt. 20.

    GQ filed its answer and counterclaim on August 12, 2016. *Id.* K3 did not answer the counterclaim, and on September 21, 2016, GQ moved for entry of default against K3. Dkt. 21. The following day, K3 filed its answer to GQ's "amended complaint"—the court will assume that K3 intended to answer GQ's counterclaim. Dkt. 24. On September 29, 2016, the clerk of court entered default against K3, pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 25.

    Now GQ has moved for default judgment against K3, pursuant to Rule 55(b). Dkt. 26. In response, K3 has moved (1) for leave to file a supplemental answer, Dkt. 28;

(2) for leave to file a motion to set aside default judgment, Dkt. 29; and (3) to set aside default judgment, Dkt. 30. The court will grant K3 its requested relief, with a few minor adjustments. The court will deny K3's motions regarding default judgment, Dkt. 29 and Dkt. 30, as premature: the court has not entered default judgment against K3. But the court will set aside the September 29, 2016, clerk's entry of default and allow K3 to answer GQ's counterclaim: K3 has demonstrated good cause to set aside the clerk's entry, and the interests of justice favor reaching the merits of this case.

The court may set aside a clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). The standard is liberal, as the Seventh Circuit favors trial on the merits over default judgment. *Id.* at 631 (citing *Sun*, 473 F.3d at 811).

K3 represents that it failed to timely answer GQ's counterclaim because of an "honest mistake": counsel neglected to put the deadline on his calendar. The Seventh Circuit has held that a party demonstrates good cause for a tardy answer when it inadvertently—as opposed to willfully—fails to timely respond. *Id.* K3 also acted quickly to remedy its error: K3 answered GQ's counterclaim the day after GQ moved for entry of default, and K3 moved to set aside default six days after the clerk entered default and the same day that GQ moved for default judgment. The court is satisfied that K3 has demonstrated good cause for its default and quick action to correct it.

That leaves the third factor: whether K3 has a meritorious defense to GQ's counterclaim. This case concerns a contractual relationship that deteriorated and two parties claiming to be in the right. K3's amended complaint and GQ's counterclaim present two versions of the underlying events. Assuming the facts as pled, K3 has demonstrated that it has a meritorious defense. Accordingly, in the interests of reaching the merits of the dispute, the court will set aside the clerk's entry of default. And, as a result, the court will deny GQ's motion for default judgment. Dkt. 26.

To move forward with this case, the court will grant K3's motion for leave to file a supplemental answer to GQ's counterclaim. Dkt. 28. The court accepts K3's supplemental answer at Dkt. 33 as its operative responsive pleading.

## ORDER

IT IS ORDERED that:

1. Plaintiff K3 Prop, LLC's motion for leave to file a motion to set aside default judgment, Dkt. 29, and motion to set aside default judgment, Dkt. 30, are DENIED.

2. The clerk's entry of default against plaintiff, Dkt. 25, is SET ASIDE.

3. Plaintiff's motion for leave to file a supplemental answer, Dkt. 28, is GRANTED. The court accepts plaintiff's supplemental answer at Dkt. 33 as its operative responsive pleading.

4. Defendant GQ Sand, LLC's motion for default judgment, Dkt. 26, is DENIED.

Entered October 6, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3