IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K3 PROP, LLC,

                Plaintiff,

v.

GQ SAND, LLC,

                Defendant.

ORDER

16-cv-142-jdp

---

Plaintiff K3 Prop, LLC, procures frac sand for its customers in the petroleum industry. In March 2017, K3 filed this lawsuit against defendant GQ Sand, LLC, alleging that it transferred $930,000 to GQ to purchase frac sand but that GQ failed to place any of the money in escrow, as required by the parties' contract, and failed to deliver the correct amount of sand. Now pending before the court is GQ's summary judgment motion. Dkt. 39. But before the court can consider GQ's motion, it must determine whether it has subject matter jurisdiction over the action.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the real parties to the controversy and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

K3 invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. It contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse. The allegations in K3's initial complaint were insufficient to determine whether diversity jurisdiction actually exists because K3 failed to allege the names or citizenships of any of its or GQ's members. *See* Dkt. 1. "[T]he citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The court allowed K3 to file an amended complaint establishing subject matter jurisdiction. Dkt. 14. K3 did so, alleging that K3's sole member is Charles Cody Lyon, a citizen of Texas, and that GQ's members are Joshua Quisling and Joe Gargano, both citizens of Wisconsin. Dkt. 16. Those allegations were sufficient to establish subject matter jurisdiction at the pleading stage. Dkt. 18.

But now, K3 has adduced evidence in opposition to GQ's summary judgment motion that puts the veracity of K3's earlier allegations in doubt. A document titled "Membership Interests Purchase and Sale Agreement," dated July 29, 2015, purports to transfer membership of K3 from Kenneth C. White, III, and Kenneth C. White, Jr., to Managed Owners Group, LLC. Jim R. Pierce signed the document on behalf of Managed Owners Group as its manager. Dkt. 48-5. The agreement does not mention Charles Cody Lyon. To further complicate things, Texas public records list "Ken White" as the director and manager of K3 in 2016.[1] Texas public records list "Chartes Cody Lyon" as the director and owner of Managed Owners Group.[2]

---

[1] *Taxable Entity Search*, Texas Comptroller of Public Accounts, https://mycpa.cpa.state.tx.us/coa/coaSearch.do (search for "K3 Prop LLC"; then follow "Details" hyperlink and "Public Information Report" hyperlink).

[2] *Taxable Entity Search*, Texas Comptroller of Public Accounts,

Because this case is at the summary judgment stage, the court will direct K3 to adduce evidence sufficient to determine the members of K3 and the citizenship of each member. If any member of K3 is itself a limited liability company, then K3 must adduce evidence of the individual citizenships of each member of that LLC, as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Failure to timely submit evidence will result in prompt dismissal of this matter for lack of subject matter jurisdiction with an award of fees and costs to defendant.

One other issue is worth addressing at this point. In opposition to GQ's summary judgment motion, K3 adduces Lyon's declaration. Dkt. 48. The court will assume, for the moment, that Lyon was a member of K3 during the events in question, and therefore has personal knowledge of the facts included in his declaration. Even so, for the court to consider Lyon's declaration at summary judgment, it must be possible to put the information into an admissible form for trial. 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.91[2] (3d ed. 2015) ("[T]he party submitting the material must be able to demonstrate how it will be possible to introduce the content or substance of the material at trial."). Here, GQ claims that Lyon was recently sentenced to 30 years in prison and may be unable to testify at trial. Dkt. 62, ¶ 7. The court will order K3 to show that the content of Lyon's declaration would be admissible at trial. Failure to timely make this showing will result in the court striking Lyon's declaration and its attachments.

---

https://mycpa.cpa.state.tx.us/coa/coaSearch.do (search for "Managed Owners Group, LLC"; then follow "Details" hyperlink and "Public Information Report" hyperlink).

ORDER

IT IS ORDERED that:

1. Plaintiff K3 Prop, LLC, may have until July 3, 2017, to adduce evidence sufficient to establish complete diversity of citizenship among the real parties to the controversy for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely submit evidence will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

3. Plaintiff may have until July 3, 2017, to show cause as to why the court should not strike the Charles Cody Lyon declaration and its attachments, Dkt. 48, as inadmissible evidence.

Entered June 29, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge